United States District Court
Southern District of Texas
**ENTERED**
December 14, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRANDON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-464 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON PENDING MOTION TO DISMISS

In this § 1983 prisoner civil rights action, Plaintiff Brandon Richardson raises claims of excessive force, failure to protect, and deliberate indifference to his serious medical needs concerning an August 29, 2014 incident at the McConnell Unit. Certain security defendants have filed a motion to dismiss pursuant to Rule 12(c), of the Federal Rules of Civil Procedure. (D.E.33). Plaintiff has filed a response in opposition. (D.E. 36). For the reasons stated herein, it is respectfully recommended that the Court grant the motion to dismiss as to Officer Alberto Valdez, but deny the motion as to defendants Captain Thaddeus Hunt, Sergeant Juan Trevino, and Lieutenant Salued Salinas.[1]

**I.    JURISDICTION.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

**II.    BACKGROUND FACTS.**

Plaintiff has had a hernia for seven years. (D.E. 1, p. 9).

---

[1] Security defendants Sergeant Brandon Belote and Officer Dovie Bunch also join in the motion to dismiss but do not move for dismissal as to Plaintiff's excessive force claims against them individually.

On August 29, 2014, Plaintiff was outside in front of the chow hall on the sidewalk when he collapsed in pain caused by his hernia. (D.E. 1, p. 9). Sergeant Trevino called medical. *Id.* Nurse Moreno and Nurse Campos arrived, and they demanded that Plaintiff get up off the ground. *Id.* The nurses then administered "smelling salts/ammonia" under Plaintiff's nose to keep him conscious. *Id.* Sergeant Trevino and Lieutenant Salinas dragged Plaintiff to the gurney and roughly assisted him onto the stretcher. *Id.*

Once at medical, Officer Bunch ordered Plaintiff to get off the stretcher, but he could not do so because of his pain. (D.E. 1, p. 10). Plaintiff was forced to roll off the gurney onto the floor. *Id.* Officer Bunch and Sergeant Belote then grabbed their chemical agents and threatened to spray Plaintiff if he did not get up off the floor, but Plaintiff remained where he was. *Id.*

While on the floor, Officer Bunch taunted him and Sergeant Belote grabbed the gurney and ran over part of Plaintiff's leg, ankle, and foot, causing injury. (D.E. 1, p. 10). Plaintiff passed out from the pain, and when he woke up, Officer Bunch was kicking him in the back and side, further aggravating his condition. *Id.* Nurse Moreno attempted to give Plaintiff another dose of smelling salts, but Plaintiff pushed her hand away. *Id.* In response, the "security officers pounced" on Plaintiff and beat him. *Id.* The officers then forced Plaintiff's arms behind his back while he was lying on his stomach, and Officer Bunch dug both of her knees into his back. *Id.* Plaintiff was then removed from medical by gurney and taken to prehearing detention and charged with assaulting Nurse

Moreno. *Id.* Later that day, Plaintiff was taken back to medical and then to the hospital for emergency surgery. *Id.*

### III.   PROCEDURAL HISTORY.

On November 21, 2014, Plaintiff filed the instant lawsuit alleging claims of excessive force, failure to protect, and deliberate indifference to his serious medical needs against fifteen defendants identified as supervisory, security, and medical. (*See* D.E. 1, D.E. 15 at p. 2-3).  On January 27, 2015, a *Spears*[2] hearing was held, and by Memorandum and Recommendation entered March 2, 2015, it was recommended that Plaintiff's claims for monetary damages against all defendants in their official capacities as well as the TDCJ be dismissed as barred by the Eleventh Amendment, and that Plaintiff's claims against the supervisory defendants be dismissed for failure to state a claim and/or as frivolous as he was seeking to impose liability based solely on those individuals' roles as supervisors of alleged tort-feasors. (D.E. 8).  It was recommended further that Plaintiff's claims of excessive force against the security defendants, identified as Captain Thaddeus Hunt, Lieutenant Salued Salinas, Sergeant Juan Trevino, Sergeant Brandon Belote, Officer Alberto Valdez and Officer Dovie Bunch be retained, as well as his deliberate indifference claims against the medical defendants, Nurse Refugia Campos and Nurse Sonia Moreno.  *Id.*

---

[2] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

On March 25, 2015, Plaintiff filed a motion for leave to file an amended complaint (D.E. 10), and it was denied. (D.E. 12).

On April 6, 2015, the Court adopted the March 2, 2015 recommendation. (D.E. 11).

The security defendants have been served and filed answers herein. (*See* D.E. 13, 28).[3]

On August 20, 2015, the security defendants filed the instant motion to dismiss. (D.E. 33), and on September 30, 2015, Plaintiff filed his response in opposition. (D.E. 36).

### III. RULE 12(c).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 313 n. 8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and* Procedure*,* § 1368 at 591).

Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great*

---

[3] Nurse Campos has filed an Answer (D.E. 41), but efforts to serve Nurse Sonia Moreno (or Moron) who is no longer employed at the TDCJ-CID, have been unsuccessful.

*Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990)).  The query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Hughes v. Tobacco Inst., Inc.* 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8 (5th Cir. 2000)).

      The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) citing *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir. 1990)).  In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain.  *Hughes,* 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 f.3d 887, 891 (5th Cir. 1998)).  "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.* (citation omitted).

      The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact.  *Great Plains Trust Co.,* 313 F.3d at 312-313.  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint."  *Jones,* 188 F.3d at 324 (citations omitted).

## IV. ANALYSIS.

As previously noted, Plaintiff's claims have been screened pursuant to § 1915A and were determined to state claims of excessive force and failure to protect against the security defendants, assuming Plaintiff's allegations as true. (*See* D.E. 8, 11). Unless the security defendants establish that there are no factual disputes, but only issues of law, dismissal is not appropriate at this time.

### (1) Captain Thaddeus Hunt.

In the motion to dismiss, Captain Hunt states that Plaintiff has sued him simply in his role as a supervisor and for failure to train his subordinates, allegations that fail to support claims for § 1983 liability because section 1983 requires personal involvement. However, at the *Spears* hearing, Plaintiff testified that Captain Hunt was "in the area" at the time he was brought to medical and that Captain Hunt had observed the other defendants mistreat him, but failed to intervene. In effect, Plaintiff claims that Captain Hunt failed to protect him from excessive force and/or mistreatment by the security and medical defendants. Plaintiff claims that Captain Hunt observed the medical staff demanding that he get off the stretcher by himself, falling to the floor, Nurse Moreno forcing salts into his face, and the use of force that occurred after Plaintiff pushed Nurse Moreno's hand away. (D.E. 8, p. 4).

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners or from prison officers or officials. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Cantu*, 293 F.3d at 844 (citing *Farmer*, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

In this case, Plaintiff has described an escalating event in which he was unable to communicate due to severe pain, and the guards and medical staff who were present to assist him were, according to Plaintiff, unwilling to do so, such that a cool and clear head on the scene may have prevented further injury. Plaintiff observed Captain Hunt in the area and believed he would be this voice of reason as he was not involved in the events outside. If Captain Hunt did nothing while he observed other defendants order Plaintiff to get off the stretcher and fall to the floor, observed Sergeant Belote run the gurney over Plaintiff's leg and Officer Bunch kick him, and observed both officers apply force after Plaintiff hit Nurse Moreno's arm away, it cannot be said that Plaintiff has failed to allege any facts that, if true, state a claim under the Eighth Amendment. Plaintiff has not sued Captain Hunt merely because he is a supervisor; he claims that he was personally present, knew that Plaintiff was at a serious risk of harm, and failed to prevent that harm from occurring. Thus, it is respectfully recommended that the motion to dismiss as to Captain Hunt be denied.

### (2) Sergeant Trevino and Lieutenant Salinas.

Defendants Trevino and Salinas claim that Plaintiff has failed to state an Eighth Amendment claim against them because he claims only that they "roughly" placed him

on the stretcher. Trevino and Salinas rightly point out that "not every malevolent touch by a prison guard gives rise to a federal action," *Hudson v. McMillian,* 503 U.S. 1, 6 (1992), and that since they were attempting to help Plaintiff by placing him on the gurney, they cannot be sued because they did so in a manner that was less than gentle. (D.E. 33, pp. 4-5).

Although Plaintiff did complain about the manner in which Trevino and Salinas placed him on the stretcher, this is not his primary claim against these defendants. Instead, like Captain Hunt, Plaintiff testified that these officers were "in the area" and observed what happened in medical: Plaintiff's fall off the gurney, the running over with the gurney, the kicking of Plaintiff, and then the use of force, with failure to intervene. Defendants do not dispute that they were "in the area," nor suggest that they did not observe the events as alleged by Plaintiff. Genuine disputed facts exist such that Plaintiff's failure to protect claims are not appropriate for Rule 12(c) dismissal.

Defendants also argue that Plaintiff's allegations do not state a failure to protect claim because Plaintiff "concedes that he failed to obey their orders and stayed on the floor hoping someone would intervene" after he fell off the stretcher. (D.E. 33, p. 10). However, the fact that Sergeant Belote and Officer Bunch ordered Plaintiff to get off the floor when he was suffering excruciating pain, and what Sergeant Trevino and Lieutenant Salinas observed create fact issues that go to the very nature of the failure to protect claim. There is a difference between *refusing* to obey orders and being *physically unable* to obey orders, and the fact that Plaintiff was in surgery later that evening suggests the latter.

Moreover, because it is recommended that Trevino and Salinas not be dismissed, it is recommended that Plaintiff should be able to develop his excessive force claims against these individuals as well. Plaintiff claims that Trevino and Salinas dragged him across the concrete to the gurney such that he suffered scrapes and bruises, and there is no reason why the gurney could not have been brought directly to Plaintiff. Genuine issues of fact preclude Rule 12(c) resolution, and therefore, it is respectfully recommended that the motion to dismiss as to defendants Trevino and Salinas be denied.

### 3. Officer Valdez.

Officer Valdez moves for dismissal on the grounds that Plaintiff failed to allege any specific facts against this defendant to indicate that he was personally involved in the events of August 29, 2014. (D.E. 33, p. 11). Indeed, in his Rule 12(c) response, Plaintiff does not oppose the dismissal of Officer Valdez. (D.E. 36). Moreover, a review of the *Spears* hearing testimony failed to reveal any specific facts alleged against this individual. Accordingly, it appears that Officer Valdez was mistakenly joined as a defendant herein, and it is respectfully recommended that claims that he be dismissed as Plaintiff has not stated a constitutional claim against this individual.

### V. Recommendation.

For the reasons stated herein, it is respectfully recommended that the Court:

(1) Grant the motion to dismiss as to Officer Alberto Valdez and dismiss this defendant from the lawsuit; and,

(2)  In all other respects, deny the security defendants' Rule 12(c) motion to dismiss.

Respectfully submitted this 14th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).