UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRANDON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-464 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO DISMISS

In this prisoner civil rights action, Plaintiff Brandon Richardson raises claims of excessive force, failure to protect, and deliberate indifference to his serious medical needs concerning an August 29, 2014 incident at the McConnell Unit. Plaintiff identified one of the defendants in his original complaint as "Nurse Moreno" and asserted a deliberate indifference claim against her. This defendant was later identified as Sonia Moron, and she was served with a summons and the original complaint on April 18, 2017. (D.E. 86).

Defendant Moron has filed a Motion to Dismiss Pursuant to Rule 12(b)(5) and 4(m) for failure to effectuate timely service. (D.E. 88). Plaintiff has filed a response in opposition to the Motion to Dismiss. (D.E. 91). For the reasons stated herein, Defendant Moron's motion to dismiss is denied.

**I. PROCEDURAL BACKGROUND.**

Plaintiff is a prisoner at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff filed his original complaint on November 21, 2014, and named fifteen defendants including "Nurse Moreno." (D.E.

1 / 13

1). On March 2, 2015, Magistrate Judge B. Janice Ellington ordered service of process on "Nurse Moreno" and seven other defendants. (D.E. 9). The Magistrate Judge directed the Office of the Attorney General of the State of Texas (OAG) to either: (1) obtain authority to represent the defendants including "Nurse Moreno" within forty-five days after receipt of the March 2, 2015 Order; or (2) file within the same forty-five day period a statement of the address of the defendants. (D.E. 9, p. 1). On April 17, 2015, the OAG responded by stating its belief that Nurse Moreno's name was Sonia Moron, a former TDCJ employee. (D.E. 18, p. 2). The OAG provided Defendant Moron's last known address but requested that her address be sealed and not included in any service-related documents. (D.E. 18, pp. 2-3).

On April 28, 2015, the Magistrate Judge granted the OAG's motion to seal, directing that Defendant Moron's address "shall not be made available to Plaintiff." (D.E. 24). That same day, the Magistrate Judge ordered the U.S. Marshal to attempt service on Defendant Moron at the address provided under seal. (D.E. 25). During the summer of 2015, the U.S. Marshal attempted service on Defendant Moron by certified mail, but that effort failed. (*See* D.E. 30). On September 17, 2015, the Magistrate Judge again ordered the U.S. Marshal to attempt service through either certified mail or personal service. (D.E. 35). After an attempt to serve through certified mail failed, a U.S Marshal visited the address supplied by the OAG and discovered that the address was to a flower shop where nobody had ever heard of Defendant Moron. (D.E. 43-1, pp. 1-2).

On December 14, 2015, the Magistrate Judge ordered Plaintiff to show cause within thirty days why his claim against Defendant Moron should not be dismissed

without prejudice for failure to timely serve her. (D.E. 46). The Magistrate Judge admonished Plaintiff in this order that "[f]ailure to timely comply may result in dismissal of all claims against Defendant Moron without prejudice for failure to prosecute." (D.E. 46, pp. 1-2).

After receiving the December 14, 2015 Order, Plaintiff wrote a letter to Dr. Lannette Linthicum, who was listed in the prison's directory as head of the TDCJ Health Services Division. (D.E. 91-1, ¶ 3). Plaintiff asked Dr. Linthicum if Defendant Moron had worked for the TDCJ and if he could get Defendant Moron's address. (*Id.*). Dr. Linthicum never responded to Plaintiff's letter. (*Id.*). Plaintiff then asked his elderly uncle to look up Defendant Moron on the internet, but his uncle uncovered no leads as he was unskilled in internet research. (*Id.*, ¶ 4). Plaintiff ultimately did not file a response to the December 14, 2015 Order. The Court, however, took no further action with respect to that Order.

On December 30, 2015, the Court received an advisory from Plaintiff in which he stated that McConnell Unit guards had searched his legal documents on December 8, 2015, causing damage to some documents while others became missing. (D.E. 48). On February 12, 2016, four defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (D.E. 52). On May 12, 2016, Defendant Refugio Campos, a nurse at the McConnell Unit, filed a motion for summary judgment with respect to Plaintiff's claim of deliberate indifference against Defendant Campos. (D.E. 58). These summary judgment motions were denied on August 23, 2016, and November 28, 2016, respectively. (D.E. 70 and 75).

On May 25, 2016, Plaintiff moved for the appointment of counsel (D.E. 60), which was denied by the Magistrate Judge the next day. On January 18, 2017, following the denial of the summary judgment motions, the Magistrate Judge reconsidered Plaintiff's request and appointed attorney Adam Milasincic to represent Plaintiff. (Doc. 76). Mr. Milasincic was provided "approximately 60 days to familiarize himself with the case and with his client to determine whether additional time for discovery is necessary prior to trial." (D.E. 76, pp. 1-2).

After becoming familiar with Plaintiff's case and meeting Plaintiff on March 13, 2017 for the first time, Mr. Milasincic recognized that Defendant Moron had not been served and, thus, "began efforts to locate a better address for her." (D.E. 91-2, ¶ 2). Mr. Milasincic unsuccessfully performed a public records search on Westlaw and checked with the Bee County Appraisal District records. Mr. Milasincic then consulted with the Texas Nursing Board website and found that Defendant Moron was still licensed in Beeville, Texas. (*Id.*, ¶¶ 3-4). In order to ascertain her location, Mr. Milasincic found a "Sonia Moron" on Facebook who listed herself as living in Beeville. (*Id.*, ¶ 4). Mr. Milasincic confirmed that Defendant Moron worked at a Beeville dialysis clinic and arranged for a private server to serve Defendant Moron on April 18, 2017. (*Id.*, ¶ 5; D.E. 86). On April 24, 2017, the return of service as to the summons executed on Defendant Moron was filed with the Court. (D.E. 86).

## II. LEGAL STANDARD

Defendant Moron seeks dismissal of Plaintiff's deliberate indifference claim against her under Federal Rules of Civil Procedure 12(b)(5) and 4(m). Rule 12(b)(5)

allows a defendant to seek dismissal for insufficient service of process. Pursuant to the version of Rule 4(m) in effect at the time this action was filed,[1] "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This Rule further provides that if the plaintiff shows good cause for the failure to serve in a timely fashion, the court is required to "extend the time for service for an appropriate period." *Id.* Even in the absence of good cause, a district court retains discretion to dismiss the case without prejudice or extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### III. DISCUSSION

Defendant Moron asserts that Plaintiff failed to effect service on her in a timely manner. (D.E. 88, pp. 1-2). Defendant Moron contends that no good cause exists to excuse the untimely service, especially given that Plaintiff failed to respond to the December 14, 2015 Show Cause Order. (D.E. 88, p. 2). Defendant Moron further contends that she will be prejudiced by having to assemble a defense to a deliberate indifference claim related to an incident that occurred almost four years ago. (D.E. 88, p. 3).

Plaintiff responds that he has established good cause for the delay in serving Defendant Moron because such delay resulted from: (1) the OAG providing the U.S. Marshal with an incorrect address for Defendant Moron; and (2) the U.S. Marshal

---

[1] Rule 4(m) was amended, effective December 1, 2015, to require service within ninety days. Fed. R. Civ. P. 4(m). However, because Plaintiff filed his original complaint on November 21, 2014, the Court applies the 120–day period for service that was in effect at the time Plaintiff filed the original complaint.

making no effort to find a different address upon learning that the provided address was a flower shop. (D.E. 91, pp. 6-9). Plaintiff responds that, even lacking good cause, the Court should excuse the late service due to the equities present in this case. (D.E. 91, p. 9). Plaintiff contends that the granting of Defendant's motion without prejudice would effectively serve as a "death-penalty sanction" because the statute of limitations for his deliberate indifference claim has expired. (D.E. 91, p. 10). Plaintiff further contends that his role in the service delays is far from contumacious and that any prejudice to Defendant Moron "is trivial in comparison to depriving [Plaintiff] of a jury trial to vindicate his constitutional rights." (D.E. 91, pp. 10-11). Accordingly, Plaintiff asks the Court to deny Defendant Moron's motion to dismiss and retroactively extend the deadline for serving Defendant Moron to April 19, 2017. (D.E. 91, p. 12).

   1. **Good Cause**

A determination as to whether a plaintiff has demonstrated good cause to excuse untimely service "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). In order to show good cause, a plaintiff must demonstrate at a minimum "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (internal quotation and citation omitted).

When a court grants leave to proceed *in forma pauperis*, the plaintiff is entitled to have service effected by the U.S. Marshal. *See Lindsey*, 101 F.3d at 446. In this case, the Magistrate Judge ordered the U.S. Marshal to attempt service on Defendant Moron at the

address provided under seal.  (D.E. 25).  Plaintiff, therefore, was "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshals to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  "Nevertheless, once such a plaintiff is aware of possible defects in service, he must attempt to remedy them." *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007).  "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."  *Rochon*, 828 F.2d at 1110. If the failure to effect service in a timely manner is due to the plaintiff's "dilatoriness or fault," the plaintiff will generally be unable to show good cause for such failure.  *Id.*; *Lindsey*, 101 F.3d at 447.

In this case, the record reflects that the OAG provided the U.S. Marshal's Office with an incorrect address for Defendant Moron and that all service attempts in 2015 had proven to be unsuccessful.  In its December 14, 2015 Order, the Magistrate Judge informed Plaintiff of the U.S. Marshal's failed efforts and that it was Plaintiff's ultimate responsibility to timely serve all defendants.  (D.E. 46).  Thus, the Magistrate Judge ordered Plaintiff to show cause within thirty days why his claims against Defendant Moron should not be dismissed without prejudice based on failure to timely serve her. (*Id.*).  Plaintiff has submitted an affidavit indicating that, following the issuance of the December 14, 2015 Order, he made inquiries from a TDCJ official regarding Defendant Moron's new address and sought help from an uncle but to no avail.  Plaintiff, however, failed to respond to the December 14, 2015 Order to inform the Court of his attempts to

locate Defendant Moron or otherwise seek an extension of time to search for an address to serve her.

Plaintiff further points out that he moved for the appointment of counsel on May 25, 2016, which indicates his intent to seek help in complying with the Court's procedural rules such as serving process. *See Lowery v. Carrier Corp.*, 953 F. Supp. 151, 156 (E.D. Tex. 1997) (holding that "the 120-day requirement in Rule 4(m) should be tolled during the time a court considers a motion for appointment of counsel"). The Magistrate Judge, however, initially denied Plaintiff's motion to appoint counsel one day after it was filed (D.E. 61). Plaintiff has failed to show that he made sufficient efforts to locate Defendant Moron or assist the U.S. Marshal in tracking down her address during the lengthy time period from December 14, 2015, until counsel was appointed in early 2017. Due to Plaintiff's dilatoriness in failing to remedy the service defect as to Defendant Moron, Plaintiff cannot establish the requisite good cause to excuse his untimely service of Defendant Moron.

### 2. Discretion to Excuse Late Service in the Absence of Good Cause

As discussed above, a district court retains discretion to extend the time for service even in the absence of a showing of good cause. *Thompson*, 91 F.3d at 21. A discretionary extension of time to serve a complaint "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). In *Millan*, the Fifth Circuit explained:

> [W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. We have recognized that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Consequently, this Court has limited district courts' discretion to dismiss claims with prejudice. A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Millan*, 546 F.3d at 325-26 (internal citations, quotations, and footnote omitted).

Plaintiff's deliberate indifference claim against Defendant Moron arises in connection with the August 29, 2014 incident at the McConnell Unit. Thus, under the applicable statute of limitations,[2] any dismissal of Plaintiff's deliberate indifference claim against Defendant Moron would effectively operate as a dismissal with prejudice. The Court, therefore, may only dismiss this claim "with prejudice as a sanction for failure to serve process if it finds (1) there is a clear record of (a) delay or (b) contumacious conduct; and (2) the Court expressly determines that a lesser sanction would not serve the interests of justice." *Reynolds v. Dallas County*, No. 3:07-CV-00513, 2009 WL 2591192, at *3 (N.D. Tex. Aug. 21, 2009).

In determining whether there is a clear record of delay, the Fifth Circuit has held that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total

---

[2] Civil rights claims under § 1983 are governed by a two-year statute of limitations. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

inactivity." *Millan*, 546 F.3d at 326-27 (citations and internal quotations omitted). Dismissals with prejudice are generally reserved for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

In this case, a significant period of time has passed between the time Magistrate Judge B. Janice Ellington entered her Order on March 2, 2015, directing service of process on "Nurse Moreno" and seven other defendants and the date Defendant Moron was served more than two years later on April 18, 2017. Over nine months of that time period can be attributed to the OAG supplying the U.S. Marshal with an improper address and the U.S. Marshal's subsequent failed efforts to effect service at that address. Plaintiff then became aware of these service deficiencies on December 14, 2015, and was unable to provide any information as to Defendant Moron's address going forward from that date.

Given Plaintiff's imprisonment at the McConnell Unit, it would be a difficult task for Plaintiff to find any information as to where Defendant Moron, a former TDCJ employee, currently lived or worked. *See Ellibee*, 226 F. App'x at 359 (noting that "it is unclear how [the plaintiff] could have obtained the defendants' addresses given that he was a prisoner"). Plaintiff's affidavit indicates, as discussed above, that he made some attempts to find Defendant Moron but with no success. Plaintiff was subsequently appointed counsel on January 17, 2017, and counsel was able to utilize the resources at his disposal to quickly track down a working address for Defendant Moron once he familiarized himself with the case.

In light of the unique circumstances present in this case involving a plaintiff with limited resources as a prisoner, the Court does not find the delay in serving Defendant Moron to be egregious or outrageous. Plaintiff's conduct has not reached a point where it can be characterized as threatening the integrity of the judicial process in this case. *See Rogers*, 669 F.2d at 321. Accordingly, there is no record of a clear and egregious delay that warrants the sanction of dismissal with prejudice of Plaintiff's claim against Defendant Moron.

Likewise, the record does not show that Plaintiff's delay in serving Defendant Moron resulted from contumacious conduct. The Fifth Circuit has "recognized that it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (internal quotations and citation omitted).

It is true that Plaintiff failed to comply with the December 14, 2015 Order to show cause why his claims against Defendant Moron should not be dismissed without prejudice for failure to timely serve her. However, his negligence in failing to respond is no doubt attributable to his inability to discover any information about Defendant Moron's address after making inquiries with a TDCJ official and his uncle. In all other respects, Plaintiff has complied with court orders and has diligently litigated his case. Plaintiff's conduct falls well short of being deemed contumacious and does not warrant the sanction of dismissal with prejudice of Plaintiff's claim against Defendant Moron.

With regard to the presence of any aggravating factors, Defendant Moron only argues that she will suffer prejudice by having to defend against a deliberate indifference claim related to an incident that occurred almost four years ago. (D.E. 88, p. 3). Such prejudice is minimal compared to the prejudice Plaintiff will suffer by having his deliberate indifference claim against Defendant Moron barred from review.

The record reflects that discovery in this case is open until August 31, 2017, and that the deadline to file experts has yet to expire. (D.E. 83). While the Court's Scheduling Order states that the deadline for filing dispositive motions is closed, Defendant Moron would have the opportunity to reopen the deadline for good cause shown. (*See* D.E. 83). Defendant Moron retains the opportunity like all of her co-defendants to participate in discovery and to file a dispositive motion as to any claims asserted against her. Thus, any prejudice accruing toward Defendant Moron in having to defend this case on the merits is insufficient to require dismissal with prejudice.

Defendant has failed to show that any aggravating factors are present to warrant the dismissal with prejudice of Plaintiff's deliberate indifference claim. The Court, therefore, will exercise its discretion to extend the time for service of Defendant Moron retroactively through and including April 24, 2017. *See Scott v. Cypress Creek Emergency Med. Services*, No. H-06-1436, 2007 WL 2209268, at *3 (S.D. Tex. Jul. 27, 2007) (holding that, "in the exercise of its discretion, the court extends the time for service of process to . . . the date that the return of service as to [the defendant] was filed with the court").

## IV. CONCLUSION.

Based on the foregoing, it is hereby **ORDERED** that Defendant Moron's Motion to Dismiss Pursuant to Rule 12(b)(5) and 4(m) for failure to effectuate timely service (D.E. 88) is **DENIED**. In the exercise of its discretion, the Court **EXTENDS** the period for effecting service of the summons and original complaint upon Defendant Moron to April 24, 2017. Defendant Moron shall have though and including **July 7, 2017**, to file her answer.

ORDERED this 12th day of June, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE